MOTOROLA, INC., a Delaware Corporation, Plaintiff,

v.

Brock ADAMS, Individually and in his official capacity as Secretary of the United States Department of Transportation, et al., Defendants.

Civ. No. CV 77–1802–AAH.

United States District Court, C. D. California.

June 20, 1977.

Harvey M. Grossman, Los Angeles, Cal., for plaintiff.

Hill, Farrer & Burrill by Rex W. Kellough, Los Angeles, Cal., for defendant General Electric.

Gunther T. Efford, Los Angeles, Cal., for defendant Southern California Rapid Transit District.

William D. Keller, U.S. Atty., by Eva S. Halbreich, Asst. U.S. Atty., Los Angeles, Cal., for Federal defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This action came on for hearing on a Temporary Restraining Order on May 18, 1977, before the Honorable A. Andrew Hauk, United States District Judge, and the Court having considered the pleadings and memoranda filed by plaintiff, and the oral argument of counsel at the hearing, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

I

In September 1976 Southern California Rapid Transit District (SCRTD) solicited bids for two-way radio communication systems and related equipment for its buses. A portion of the cost of the radio communication system was to be paid by Urban Mass Transportation Administration (UMTA) pursuant to a grant contract.

II

Four bids were submitted, defendant General Electric Company (GE) being the lowest bidder and plaintiff Motorola, Inc., being the highest bidder. On December 22, 1976, the Board of Directors of SCRTD found the GE bid responsive and awarded the radio contract to GE. By letter dated January 21, 1977, UMTA approved the GE bid. Accordingly, GE began work on the radio communication system in January 1977, and at this time has completed a significant portion of the work.

III

By letter dated December 16, 1976, Motorola Inc., protested to UMTA the award of the radio contract to GE. On January 21, 1977 UMTA rejected the bid protest. By letter dated April 5, 1977, Motorola filed a bid protest with the General Accounting Office, which expects to render a decision by July 1977.

IV

The portion of the GE bid previously marked trade secrets and not made public, was made public by May 12, 1977.

V

Any conclusion of law deemed to be a finding of fact is hereby incorporated into these Findings of Fact.

## CONCLUSIONS OF LAW

I

Plaintiff, Motorola, Inc., did not establish the requisite elements for a temporary restraining order.

II

Motorola failed to show any irreparable harm to itself, especially in view of the delay in bringing this action since January 1977 when it was first notified that UMTA had approved the GE bid and had denied the Motorola bid protest. Additionally, plaintiff failed to show lack of adequate remedy at law. In fact, in the context of an action for damages, the Court would have a better opportunity than in a hearing for a temporary restraining order to carefully consider the complex issues raised by the pleadings herein. (See *Steinthal v. Seamans*, 147 U.S.App.D.C. 221, 455 F.2d 1289, 1971.)

III

Motorola failed to show a likelihood of success on the merits. Having submitted the highest bid of the four bids, Motorola cannot show that the contract would have necessarily been awarded to it, as opposed to the other bidders, even if it were successful in proving that the award of the contract to GE was improper. In any event, it appears from what has been presented to the Court so far that defendants complied with UMTA and state regulations in accepting the GE bid which disclosed price, quantity and delivery.

## IV

In balancing the equities the Court finds the plaintiff will not suffer irreparable injury if the temporary restraining order is denied. However, defendants including GE which has worked on the radios since January, will be harmed by a temporary restraining order. Furthermore, the public interest clearly dictates the necessity for proceeding with the two-way radio communication system and with expending money for public transit as approved by the agencies involved. There will be irreparable harm to the public in delaying the installation of two-way radios needed to protect the public, including protection against attacks by marauding thieves, robbers and muggers on public buses.

## V

Lastly, the Court has also considered the fact that plaintiff Motorola, the disappointed bidder, has an administrative protest pending before the General Accounting Office which has the expertise required for evaluation of bid protests and whose advisory decision may be of guidance to the Court. See *Wheelabrator v. Chafee,* 147 U.S.App.D.C. 238, 455 F.2d 1306 (1971.)

## VI

Any finding of fact deemed to be a conclusion of law is hereby incorporated into these Conclusions of Law.

Let Judgment be entered accordingly.